IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JEFFREY S. BELLES,<br>    Defendant. | Case No. 2:10-CR-20018-JES-DGB-1 |

## Order

Now before the Court are the Defendant, Jeffrey Belles', Motion to Reduce Sentence (D. 50)[1] and the Government's Response (D. 52). For the reasons stated, *infra*, the Defendant's Motion to Reduce Sentence is DENIED.

In March 2011, the Defendant plead guilty to, *inter alia*, four counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (D. 18). Specifically, he admitted that on four separate occasions he *knowingly* distributed child pornography files. *Id.* at pp. 3-4;7;23-24. The Defendant further detailed that he explained to law enforcement that he knew what he was doing and intentionally maintained settings on his computer to enable sharing child pornography with others. *Id.* at pp. 16-17.

The Court sentenced the Defendant to 151 months' imprisonment. According to his presentence report, his sentencing guideline range included a two-level enhancement because the offense involved distribution pursuant to U.S.S.G. § 2G2.2 (b)(3)(F). (D. 27). On November 1, 2016, the United States Sentencing Commission amended § 2G2.2(b)(3)(F), clarifying that the *mens rea* required for a two-level enhancement was that a defendant "knowingly engaged in

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

distribution." U.S.S.G. § 2G2.2(b)(3)(F), *United States Sentencing Comm'n Guidelines Manual 2016*, Supp. To Appendix C, Amend. 801. The Defendant now asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (D. 50).

The Court declines to reduce the Defendant's sentence. It is clear from his plea agreement that he had the required *mens rea* for a two-level enhancement, irrespective of whether or not the § 2G2.2(b)(3)(F) amendment was made retroactive. The Defendant stipulated to the facts in his plea agreement. Those facts included his knowing distribution of child pornography. The Defendant's stipulation of those facts means he admitted them, waiving any future challenge asserting the contrary. *United States v. Newman*, 148 F.3d 871, 876 (7th Cir. 1998). In other words, the Defendant admitted that he knowingly engaged in distribution of child pornography at the time of sentencing. As such, the Defendant's Motion to Reduce Sentence is DENIED.

For the reasons stated, *supra*, the Defendant's Motion to Reduce Sentence (D. 50) is DENIED.

*It is so ordered.*

Entered on November 13, 2017

        s/ James E. Shadid
        James E. Shadid
        U.S. Chief District Judge